UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **HILMI JUDEH** | **CIVIL ACTION** |
| **VERSUS** | **NO: 12-1758** |
| **LOUISIANA STATE UNIVERSITY SYSTEM, ET AL.** | **SECTION: "R" (4)** |

## ORDER

Before the Court is Plaintiff, Hilmi Judeh, ('Judeh") **Motion to Recover Costs and Expenses for Service of Process (R. Doc. 31**), seeking recovery of $300.00 of expenses, as well as reasonable attorney's fees, arising in connection with Defendants, Louisiana State University System, et al.'s, ("LSU") breach of duty to waive service of process.[1]  The motion is opposed.  (R. Doc. 36).  The motion was heard by oral argument on January 30, 2013.

I. **Background**

This case involves a student intern, questionable statements on a Facebook account, and an allegedly unwarranted dismissal.  Specifically, Judeh, a former student at LSU's School of Public Health, became an intern at the Louisiana Office of Public Health in New Orleans.  (R. Doc. 1, p. 4). Such "practical experience" is required for students in LSU's Masters of Public Health program.

---

[1]Although "LSU" is referred to herein for purposes of convenience, Judeh's Complaint indicates that the specific entity at issue in this suit, the Louisiana Office of Public Health, "is a state agency not operated by [LSU] or the [LSU] Health Sciences Center."  (R. Doc. 1, p. 5).

*Id.* at 4-5.  Judeh alleges that he was harassed at his internship, complained of the same, and was subsequently not scheduled for enough hours to complete his degree requirements.  *Id.*  Judeh and LSU agreed it would be best for Judeh to "secure another internship," and LSU's faculty internship coordinator arranged a second internship for Judeh with the LSU Health Sciences Center.  *Id.* at 5-6.

On July 5, 2011, the same day Judeh was to report for his first day at the Health Sciences Center, several LSU faculty members met to discuss Judeh's work.  *Id.* at 6.  Although Judeh was not invited to attend the meeting, the faculty members discussed several postings Judeh allegedly made to Facebook, in which he allegedly "threatened to embarrass a staff member at the Louisiana Office of Public Heath."  *Id.*  Judeh alleges that "there is an unspoken policy at the School of Public Health among administrators of dismissing students for misconduct without offering them notice of allegations of misconduct or affording them an opportunity to be heard in their defense."  *Id.*

Later that day, Judeh was told to report to the office of an LSU faculty member.  Upon arrival, Judeh was told he was being expelled because he "allegedly made comments indicating that he planned on destroying data at a former internship."  *Id.*  Judeh appealed his expulsion decision, which he argues was in contravention of a student policy which guarantees students rights to, *inter alia*, a fair and impartial hearing.  *Id.* at 7.  The applicable university official allegedly told Judeh, "I can ask you to leave whenever I want."  *Id.*

Judeh has brought suit under the Civil Rights Act, 42 U.S.C. § 1983, and claims that LSU deprived him of his Constitutional rights, including (1) his First Amendment free speech rights, and (2) his rights to procedural due process.  *Id.* at 8-9.  Judeh also claims that LSU breached its contractual obligations to him based on the plain language of the LSU Student Handbook.  *Id.* at 10.

Judeh argues that he filed his Complaint against, *inter alia*, several LSU School of Public Health faculty members and administrators ("Individual Defendants").[2] (R. Doc. 31-2, p. 1). Judeh then attempted to secure a waiver of service from two individually named defendants pursuant to Rule 4(d). *Id.* However, Judeh argues that she did not receive the waivers within the 30-day period specified; after this time she contracted with a process server to serve the summonses, which cost $300.00. *Id.* at 2. Judeh now seeks the reasonable attorney's fees and costs incurred after LSU failed to waive service under Federal Rule of Civil Procedure ("Rule") 4. The motion is opposed.

## II.    Standard of Review

Rule 4(c) provides that "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed under Rule 4(m)." *Id.* Rule 4(d) provides that "An individual, corporation, or association . . . has a duty to avoid unnecessary expenses of serving the summons. The plaintiff may notify such a defendant that an action has been commenced and request that the defendant waive service of a summons." *Id.* "If a defendant . . . fails, without good cause, to sign and return a waiver requested by a plaintiff . . . the court must impose on the defendant (A) the expenses later incurred in making service; and (B) the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses." Rule 4(d)(2).

However, Rule 4(j) provides that "[a] state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by (A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant."

---

[2]The individual defendants are Stephanie Tortu, Donna Williams, and Joseph Moerschbaecher. *Id.* at 1.

*Id.* The plain language of Rule 4(d) does not apply to Rule 4(j).

## III.   Analysis

### A.   Waiver of Service - Simultaneous Suit in Individual and Official Capacities

The first issue is whether under Rule 4, service can be waived as to defendants sued simultaneously in their individual and official capacities. Judeh argues that he may tax the costs incurred in effecting service, as well as attorney's fees, on the Individual Defendants, and that after properly demonstrating his compliance with Rule 4(d), the Court *must* grant them. (R. Doc. 31-6, p. 1). He has attached an invoice for the service of process, as well as an "affidavit and verification" of the attorney's fees in this case, which total 2.75 hours but do not specify a total fee. (R. Docs. 31-6, 31-7).

In opposition, LSU argues that Rule 4(d) is inapplicable in this case because Judeh has sued the defendants in their individual capacities, as well as their capacities as LSU employees, and Rule 4(d) does not extend to "a state official sued in his official capacity." (R. Doc. 36, p. 2). Instead, service of the summons was required under Rule 4(j), for which the waiver requirements are inapposite. *Id.* LSU argues that the policy underlying this rule stems from the necessity that oft-sued entities such as the state employ broad-based and centrally controlled risk management policies for handling lawsuits, of which individual defendants may be unaware. *Id.* at 3-4. Moreover, the State of Louisiana has "numerous statutory duties regarding suits against the state . . . even when the remotest and lowest level of employee is sued." *Id.* at 4. "This is especially true when the former employee is sued for actions during his State employment, but has since left the State of Louisiana and has no idea that he has been sued in Louisiana." *Id.* at 4. For these reasons, the fact

4

that the Plaintiff has also brought suit against the Individual Defendants in their official capacities is sufficient to waive service.

"[T]he most reasonable reading of rule 4 affords state officers facing official capacity suits the same consideration given to federal officers in the same position." *Moore v. Hosemann*, 591 F.3d 741, 747 (5th Cir. 2009); *Libertarian Party v. Dardenne*, 595 F.2d 215, 219 (5th Cir. 2010) ("A state official sued in his official capacity is not subject to the mandatory waiver-of-service provisions of Rule 4(d).") (quotation omitted).  However, a suit against state officials under 4(i) is not subject to 4(e)'s waiver requirements.  Therefore, to the extent that the Individual Defendants were sued in their *official* capacities, LSU is correct that the service waiver provisions do not apply.

Nevertheless, the fact that an individual state actor may be sued in his or her *official* capacity does not obviate the necessity for appropriate service of process for suit in a person's *individual* capacity.  Indeed, "[t]o serve a[n] . . . officer or employee sued in an individual capacity . . . (whether or not the officer or employee is also sued in an official capacity), a party must . . . *also* serve the officer or employee under Rule 4(e), (f), or (g)."  Rule 4(i) (emphasis added); *cf. Robinson v. City of Houston*, 2011 WL 1806427, at *1 (S.D. Tex. May 11, 2011) (finding that service on individuals does not effect service on a municipality or its departments).  The Court has not found cases which interpret the plain language of Rule 4 to mean that a defendant sued in his *individual* capacity is subject to either Rule 4(j) or Rule 4(i)'s prohibition on waiver of service.[3]

### B.    <u>Proper Service and Good Cause for Failing to Waive Service</u>

The next issue is whether the Individual defendants were properly served for purposes of

---

[3]LSU argues that the Individual Defendants have never been properly served under Rule 4(j).  For purposes of the instant motion, the Court need not consider this argument.

Rule 4(d).  In support of his motion, Judeh argues that he effected service upon the Individual Defendants by mailing envelopes to each of the Individual Defendants "at the address of the LSUHSC School of Public Health."  (R. Doc. 31-2, p. 1).  In opposition, LSU argues that the Individual Defendants were never properly served under either Rule 4(j) or Rule 4(e).  (R. Doc. 36, p. 2).  LSU also argues that Rule 4(d)(2) is inapplicable to this case.  *Id.* at 1.

LSU argues that even if the Individual Defendants failed to timely return service waivers in connection with claims brought against them in their *individual* capacities, Judeh has failed to meet his burden to show that he properly served the Individual Defendants pursuant to Rule 4(e).  At oral argument, LSU further contended that because the service rules are arcane and difficult for laypeople to comprehend, it was unreasonable to anticipate that their knowledge of the waiver provisions is a matter of instinct.

Rule 4(d) provides that a party seeking a waiver from an individual need only request that the waiver be "addressed to the individual defendant."  *Id.*  "Unlike service of process for purposes of establishing personal jurisdiction, service of a request for waiver of formal service might be effective and achieve Rule 4's goals of minimizing the costs of litigation even if a plaintiff does not strictly comply with every formalistic requirement of the rule."  *Flores v. School Board of DeSoto Parish*, 116 Fed. App'x 504, 508 (5th Cir. 2004).[4]

Courts elsewhere have deemed a violation to be "technical" where the outcome of the service

---

[4]A minority of courts find that compliance with Rule 4(d) is a "condition precedent" to entitlement to recovery, and that "the rules are not designed to require a factual inquiry prior to making a determination of whether to grant a motion for failure to waive service.  If the plaintiff properly complies with all of the requirements of [Rule 4], then costs are awarded."  *Spivey v. Board of Church Extension and Home Mission of Church of God*, 160 F.R.D. 660, 663 (M.D. Fla. 1995); *Farrell v. Woodham*, 2002 WL 32107644, at *4-*5 (M.D. Fla. May 29, 2002) (same).

did not cause the defendant to suffer actual prejudice. *See, e.g.*, *Stapo Industries, Inc. v. M/V Henry Hudson Bridge*, 190 F.R.D. 124, 125 (S.D.N.Y. 1999) (finding that plaintiff's failure to specify a corporate agent, and merely mailing waiver to company, did not prejudice defendant); *Shell v. American Family Rights Ass'n*, 2009 WL 3837890, at *2 (D. Colo. Nov. 13, 2009) (finding that failure of request to use correct submission date was a "technical violation" which did not prejudice defendants). The burden to show Rule 4 compliance rests with the applicant. *See id.* (finding that service upon attorney, and not party, coupled with failure to provide proof of service, warranted dismissal of motion for fees). Other courts have noted that even where, as here, a plaintiff includes a receipt along with his waiver fee, "if the receipt provides no details concerning the documents delivered," the plaintiff has failed to meet his burden. *Hopper v. Wyant*, 2012 WL 5871031, at *1 (10th Cir. Nov. 21, 2012) (Table, text in Westlaw).[5]

In this case, the waivers were addressed to the Individual Defendants, but were mailed to the Defendants' business addresses, not their home addresses, as specified by Rule 4(e). However, the waivers indicate that "A copy of the complaint is attached." (R. Docs. 31-3, 31-4, 31-5). Therefore, as concerns the documentation filed in support of his motion, Judeh has met his burden to show at least technical compliance with Rule 4.

The next issue is whether, notwithstanding Judeh's "technical compliance" with the Rule, Defendants' nonetheless have "good cause" to justify their failure to return the waiver. Although LSU has argued that the distinction between bringing suit against a state employee in his or her

---

[5]Where a plaintiff fails to make any attempt to comply with the Rule, motions for fees have been struck. *Russell v. Chase Investment Services Corp.*, 2009 WL 3254898, at *3-*4 (N.D. Okla. Oct. 7, 2009) (finding that party's submission of waiver form via email to corporate defendant's counsel, which was subsequently forwarded by counsel to party, violated plain language of Rule which required submission of waiver request to a defendant's "agent.").

"official" and "individual" capacity is legally complex, especially for a layperson, a defendant ordinarily lacks "good cause" to justify non-compliance with a waiver where the delay in returning the same is premised upon a "misconception of the law." *Butler v. Crosby*, 2005 WL 3970740, at *3 (M.D. Fla. June 24, 2005 (citing cases). By contrast, where the circumstances indicate genuine factual confusion, a defendant had good cause for failing to return the waiver. *Rollin v. Cook*, 2012 WL 2568181, at *2 (N.D. Cal. July 2, 2012) (finding that individual defendants had good cause to waive service where they were elderly, confused by the purpose of the waiver, and the waiver contained a different name).

Here, the facts indicate that there may have been genuine confusion regarding the intent of the waivers. Judeh admitted at oral argument that "as a practical matter" the service waivers had only been sent to the individuals at their business addresses because Judeh lacked their home addresses. However, this practical difficulty is compounded by factual ambiguities which were easily avoidable. For example, each of the three waivers stated that, "[a] lawsuit has been filed against you, *or the entity you represent*." (R. Docs. 31-3, 31-4, 31-5) (emphasis added). Further, there is no other indication that the service waivers were specifically directed towards the Individual Defendants in their individual, and not representative, capacities. Judeh failed to include any communication distinguishing between the individuals' receipt of the waiver in their individual and official capacities. Indeed, Judeh failed to even include duplicate copies of the waiver which might suggest that Judeh intended to bring suit against each individual in more than one capacity.

The Court finds that to the extent that there has been a "technical failure" to mail the waivers directly to the Individual Defendants and not their offices, that failure, conjoined with the factual

ambiguity of the notice itself, has clearly prejudiced the Individual Defendants, who might have been under the impression that they did not need to respond, and as a result are now liable for payment of attorney's fees and expenses.  In light of this, Judeh should have taken additional precautions to ensure that the Individual Defendants received adequate notice of their obligations, and his complete failure to do so amounts to more than a "technical violation."  As such, the Court finds that the Individual Defendants had "good cause" for not timely returning the service waivers. Judeh's request for attorney's fees and expenses is denied.

**IV.**      **Conclusion**

      **IT IS ORDERED** that Plaintiff, Hilmi Judeh, ('Judeh") **Motion to Recover Costs and Expenses for Service of Process (R. Doc. 31)** is **DENIED**.

      New Orleans, Louisiana, this 20th day of February 2013.

                **KAREN WELLS ROBY**
          **UNITED STATES MAGISTRATE JUDGE**