UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

HILMI JUDEH                                    CIVIL ACTION

VERSUS                                         NO: 12-1758

LOUISIANA STATE UNIVERSITY                     SECTION: R(4)
SYSTEM, et al.

**ORDER AND REASONS**

The Court has dismissed plaintiff's complaint with
prejudice.  Defendants now request $54,250.00 in attorney's fees
pursuant to 42 U.S.C. § 1988 and Rule 54(d).  The Court GRANTS
defendants' motion in part and DENIES it in part, and it defers
its ruling on the reasonableness of the fees until defendants
file a new request reflecting only the recoverable amounts.


**I.   BACKGROUND**

Plaintiff was expelled from the Louisiana State University
School of Public Health ("SPH") Master's in Public Health Program
for making threats on Facebook to destroy research that was the
property of the Louisiana Office of Public Health ("OPH").[1]  He
brought this action under 42 U.S.C. § 1983 against Elizabeth
Fontham, Stephanie Tortu, Donna Williams, Ariane Rung, and Joseph
Moerschbaecher in their official and individual capacities, as
well as against the Louisiana State University System ("LSU

_____

[1] *See* R. Doc. 60 for an explanation of the events leading up
to plaintiff's expulsion and the procedures by which he was
expelled.

System") and the LSU Health Sciences Center ("HSC").  The first count alleged that each of the defendants violated his right to free speech guaranteed by the First and Fourteenth Amendments. The second count alleged that each of the defendants violated his right to due process under the Fifth and Fourteenth Amendments. The third count was a breach of contract claim brought against the LSU System and the HSC.  Plaintiff alleged that "the policies and procedures delineated and disseminated in the student handbooks, codes of conduct, and the document entitled 'CM-56' by defendants and through the School Public Health [sic] regarding disciplinary [sic] created a binding contract under the Laws of the State of Louisiana between Defendants and Petitioner."  He claimed that the LSU System and the HSC breached this contract by expelling him at an informal meeting.

Plaintiff filed a motion to recover the costs of service of process on Tortu, Williams, and Moerschbaecher, as well as reasonable attorney's fees, based on their failure to waive service of process.  After oral argument, the magistrate judge denied the motion, noting that Rule 4(d)'s waiver provisions were inapplicable to the defendants in their official capacities and that plaintiff had failed to comply with Rule 4(e) in serving the defendants in their individual capacities.[2]  Defendants then filed motions to dismiss.  Plaintiff immediately acquiesced in

---

[2] R. Doc. 42.

the dismissal of his claims against the individual defendants in their official capacities, indicating that he was seeking only monetary damages rather than prospective or injunctive relief.[3] He also acknowledged that neither the LSU System nor the HSC was a juridical entity capable of being sued and that in any event, the LSU Board of Supervisors, which was the proper juridical entity, was immune from suit.[4]

The Court dismissed plaintiff's First Amendment claim for failure to identify the protected speech in which he purportedly engaged.[5]  It also dismissed plaintiff's due process claim against Moerschbaecher, Fontham, and Rung, because plaintiff did not claim that they were involved in the allegedly deficient expulsion hearing.  The court declined to dismiss the claim against Tortu and Williams, however, observing that there was a question as to the sufficiency of the hearing they held with plaintiff.[6]

Tortu and Williams moved for summary judgment on the due process claim, which the Court granted on October 10, 2013.[7]  The

---

[3]     R. Doc. 30 at 1; R. Doc. 23 at 1; R. Doc. 22 at 1-2.

[4]     R. Doc. 22 at 1.  Because the LSU System and the HSC were the only defendants named in plaintiff's breach of contract claim, that claim was dismissed without discussion.

[5] R. Doc. 48.

[6] *Id.*

[7] R. Doc. 60.

Court held that plaintiff had been given sufficient opportunity to respond considering he readily admitted making the threats, which the administrators considered to be grounds for expulsion *per se*, regardless of plaintiff's reasons, and because Tortu, Williams, and Fontham were fully aware of plaintiff's explanation for his behavior when Fontham responded to plaintiff's email about the meeting, concurring in the dismissal and encouraging plaintiff to appeal to Moerschbaecher.

Defendants now seek to recover $54,250.00 in attorney's fees incurred by the Louisiana Attorney General in defending against the suit, arguing that all of plaintiff's claims were frivolous. Plaintiff argues that the claim for attorney's fees is untimely except as to Tortu and Williams.  He also argues that defendants cannot be awarded fees under § 1988 for the defense of his state law breach of contract claim.  He contends that his First Amendment and due process claims were not frivolous, and he argues that the costs and fees claimed are excessive.

II.  **STANDARD**

Under 42 U.S.C. § 1988, a court "in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs" for proceedings in vindication of civil rights.  *Dean v. Riser*, 240 F.3d 505, 507 (5th Cir. 2001) (quoting 42 U.S.C. § 1988).  Though attorney's fees are

"presumptively unavailable" to a prevailing defendant in a civil rights suit, *Dean*, 240 F.3d at 508, the court may grant such an award upon a showing by the defendant "that the plaintiff's action was frivolous, unreasonable, or without foundation." *Dean*, 240 F.3d at 508 (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978).  Courts may examine factors such as: (1) whether the plaintiff established a prima facie case; (2) whether the defendant offered to settle; and (3) whether the court dismissed the case or held a full trial.  *Doe v. Silsbee Indep. Sch. Dist.*, 440 F. App'x 421, 425 (5th Cir. 2011) (per curiam) (unpublished) (citing *Myers v. City of W. Monroe*, 211 F.3d 289, 292 (5th Cir. 2000)).  "These factors are, however, guideposts, not hard and fast rules.  Determinations regarding frivolity are to be made on a case-by-case basis."  *Id.* (quoting *E.E.O.C. v. L.B. Foster Co.*, 123 F.3d 746, 751 (3d Cir. 1997) (internal quotation marks and citations omitted)).

A defendant may be entitled to fees even if not all of the plaintiff's claims were frivolous, because "the presence of reasonable allegations in a suit does not immunize the plaintiff against paying for the fees that his frivolous claims imposed." *Doe*, 440 F. App'x at 426 (quoting *Fox v. Vice*, 131 S. Ct. 2205, 2214 (2011)).  The defendant, however, may not recover fees arising from the non-frivolous charges.  *Id.*

## III. DISCUSSION

Plaintiff first argues that the claims of all of the defendants except Tortu and Williams are untimely.  Under Rule 54, a motion for attorney's fees must "be filed no later than 14 days after the entry of judgment," absent a statute or court order providing otherwise.  Fed. R. Civ. P. 54(d)(2)(B).  He argues that because these defendants were dismissed on April 18, 2013 and filed their motion for fees on October 31, 2013, their claim is barred by Rule 54.  This argument is without merit.  Although the Court dismissed certain claims and defendants on April 18, it did not enter judgment dismissing the complaint with prejudice pursuant to Rule 58 until October 17, 2013.  The defendants filed this motion 14 days later on October 31 and are therefore in compliance with Rule 54.

### A.    Claims Against the Individual Defendants in their Official Capacities

Plaintiff sued Tortu, Williams, Fontham, Rung, and Moerschbaecher in both their individual and official capacities, even though a plaintiff may not sue a state employee in his or her official capacity for damages.  *See Will v. Michigan*, 491 U.S. 58, 71 (1989).  A plaintiff may, however, sue a state official in his or her official capacity for injunctive relief, *id.* at 71 & n. 10, but it does not appear that plaintiff ever sought an injunction.  Although his complaint concluded with a sweeping request for all appropriate forms of relief, including

6

declaratory and injunctive relief,[8] plaintiff did not specify
what the defendants should be enjoined from doing.  Moreover,
when defendants' motions to dismiss pointed to the bar on
official-capacity suits for damages, plaintiff immediately
acquiesced in the dismissal of the official-capacity claims,
admitting that he was "not seeking specific prospective or
injunctive relief in the suit."[9]

The Court therefore finds that plaintiff's claims against
the individual defendants in their official capacities were
without foundation and that defendants are entitled to recover
any expenses incurred in defending against them, however limited
they may be.[10]

**B.    Claims Against the LSU System and the HSC**

Plaintiff concedes that neither the LSU System nor the HSC
was an entity capable of being sued, and he acknowledges that the
breach of contract claim—which, unlike the other claims, was

---

[8] *See* R. Doc. 1 ("Petitioner Hilmi Judeh prays that the
Court grant him declaratory and injunctive relief; award
compensatory and punitive damages in an amount determined by an
impartial jury; attorney's fees pursuant to 48 U.S.C. § 1988; and
such other and further relief as this Court may deem appropriate
under the circumstances.")

[9] R. Doc. 30 at 1; R. Doc. 23 at 1; R. Doc. 22 at 1-2.

[10] The Court observes that it took only four boilerplate
paragraphs discussing the bar on official-capacity suits to
convince plaintiff to consent to dismissal of his official-
capacity claims.  *See* R. Doc. 20-2 at 1-3; R. Doc. 13-2 at 4-5;
R. Doc. 25-2 at 2-4.

brought solely against the institutional defendants—"was likely not viable in federal court."  He argues that defendants are not entitled to attorney's fees on the contract claim because he acquiesced in LSU and HSC's dismissal "early in the litigation in response to Defendants' Motion to Dismiss rather than pursue unnecessary litigation."  That plaintiff consented to the dismissal of a frivolous claim does not render that claim any less frivolous.  Even if plaintiff had named the proper juridical entity, the Board of Supervisors of the Louisiana State University System, it is well established that this entity is immune from suit in federal court.  Although plaintiff named the LSU System and the HSC as defendants in each claim, he leveled his breach of contract claim solely against them.  Yet plaintiff never identified the terms of the contract that allegedly existed.

Plaintiff argues that defendants cannot be awarded fees under § 1988 for the defense of a state law breach of contract claim.  But in *Church of Scientology of California v. Cazares*, 638 F.2d 1272, 1290-91 (5th Cir. 1981), the Fifth Circuit permitted a prevailing defendant to recover attorney's fees for a state law claim that was joined to plaintiff's civil rights claim when the two claims arose out of the same nucleus of facts.  Similarly, the Seventh Circuit has held that a prevailing defendant is entitled to attorney fees under § 1988 for work done

on pendent state claims as well as federal claims when all of the claims arise out of same course of conduct.  *See Munson v. Milwaukee Bd. of Sch. Directors*, 969 F.2d 266, 271-72 (7th Cir. 1992)*.  Accord Todd v. Lake Cnty. Sheriff's Dep't*, 2:08-CV-314-JTM-PRC, 2013 WL 5570189 (N.D. Ind. Oct. 9, 2013); *Ingram v. Strother*, CIV.A. 5:08-CV-32HL, 2009 WL 2143798 (M.D. Ga. July 14, 2009).  In any event, because plaintiff brought two other claims against the LSU System and the HSC, they would have raised the defense that they are not suable entities regardless of the existence of the contract claim.  The status of the named parties as juridical nonentities and the immunity of the LSU Board of Supervisors from suit render all of plaintiff's claims against the two entities frivolous, and defendants are entitled to recover fees for their defense against these claims.

   C.   **The First Amendment Claim**

   The Court dismissed plaintiff's First Amendment claim for failure to identify the protected speech in which he purportedly engaged, noting that the complaint indicated only that "Defendants expelled Petitioner in part due to statements he made through internet media which were protected under the First Amendment of the United States Constitution."  Although he indicated that he was dismissed "because he allegedly made comments indicating that he planned on destroying data at a former internship," and because he "allegedly threatened to

embarrass a staff member at the Louisiana Office of Public Health," he did not admit to making these threats and provided the Court with no details as to the content of his speech.[11]

Apparently, plaintiff's intention was to sue defendants for violating his right to free speech without admitting to the Court that the allegedly protected speech consisted of threats to destroy government property.  The Court concludes that the claim was frivolous and that defendants are entitled to recover fees for their defense of that claim.  *See Doe*, 440 F. App'x at 426 ("Because [plaintiff] failed to allege facts supporting an essential element of her . . . claim, the district court did not clearly err in finding that her equal protection claim was frivolous.").

### D.   The Due Process Claim

The Court dismissed plaintiff's due process claims against Moerschbaecher, Rung, and Fontham because plaintiff never claimed that they participated in the allegedly unconstitutional expulsion meeting.[12]  It is immaterial whether the claim was frivolous as to these defendants, because defendants' attorney did not tailor his arguments to the defendants' personal circumstances or levels of involvement and did not incur

---

[11] R. Doc. 1.

[12] R. Doc. 48 at 16-18.  The Court did not address the due process claims against the LSU System and the HSC, because it had already concluded that they were not suable entities.

10

additional expenses as a result.  Instead, his argument on behalf
of each defendant, including Tortu and Williams, was identical
and dealt only with the sufficiency of the process afforded
plaintiff.  Because defendants may recover only the fees they
would not have incurred but for the existence of the frivolous
claims, *see Fox*, 131 S. Ct. at 2215, defendants may recover only
if the claim was frivolous against Tortu and Williams as well.
The Court concludes that it was not.  The claim survived
defendants' motion to dismiss, and although plaintiff did not
disclose the details of his appeal hearing with Dr.
Moerschbaecher in the complaint, this lack of candor was not the
basis on which the Court granted summary judgment.  Although the
Court found that plaintiff received all the process to which he
was entitled, the record does not support the conclusion that
plaintiff's claim was frivolous.

### E.   Plaintiff's Motion to Tax Costs of Service

Because plaintiff's due process claim against Tortu and
Williams was not frivolous, they are responsible for all costs
associated with their defense against that claim, including their
defense of plaintiff's motion to recover the costs of service of
process.  Although the motion was baseless, the Court finds no
authority for permitting a defendant to recover costs associated
with a frivolous motion under § 1988 even though the underlying
claim was not frivolous.  Defendants could have sought relief

under Rule 11 if they felt that the motion was frivolous.  Absent that, Tortu and Williams remain responsible for the costs of opposing that motion.

**F.   Costs**

Defendants also seek to recover the costs associated with depositions taken in this matter.  Because plaintiff's due process claim against Tortu and Williams was not frivolous, and because the depositions were intended to assist in the defense against that claim as well as the others, defendants may not recover these costs.  *See Fox*, 131 S. Ct. at 2215 ("Section 1988 permits the defendant to receive only the portion of his fees that he would not have paid but for the frivolous claim.").

**G.   Reasonableness of the Requested Amount**

The Court defers its ruling on the reasonableness of the fee amount until after defendants submit a new request reflecting only recoverable expenses.  The Court notes, however, that the hourly rate of $140 is well within the range traditionally charged by attorneys in civil rights suits, and plaintiff has not articulated any reason that the Court should depart from the lodestar calculation based on the factors articulated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974).

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS the defendants' motion in part and DENIES it in part. Defendants are entitled to recover reasonable fees for the defense of (1) the claims against the individual defendants in their official capacities, (2) the claims against the LSU System and the HSC, (3) plaintiff's First Amendment claim, and (4) plaintiff's due process claims against Rung, Moerschbaecher, and Fontham. Defendants may not recover fees for the defense of plaintiff's due process claim against Tortu and Williams, including their defense against plaintiff's unsuccessful motion to recover the cost of service of process. Defendants have 14 days from the date of this order to request a new amount reflecting only recoverable fees.

New Orleans, Louisiana, this 30th day of December, 2013.

SARAH S. VANCE

UNITED STATES DISTRICT JUDGE

13